IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOTTA TELLEZ-GIRON,
individually and as a parent and
next friend of CHELSEA HERREID,
a minor,

      Plaintiffs,

v.                                                                                             Case No. 1:17-cv-01074 WJ/SCY

CONN'S APPLIANCES, INC,
d/b/a CONN'S HOME PLUS,
and JOHN DOE,
           Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand to State Court (hereinafter, the "Motion"), filed November 21, 2017 **(Doc. 6),** and a Motion for Leave to File Surresponse, filed December 22, 2017, **(Doc. 20)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' Motion is not well taken and, therefore, is denied.

### BACKGROUND

This is a slip and fall case. Plaintiffs allege that on November 2, 2014, Chelsea Herreid, at the time seven years old, slipped and fell on a puddle of water in one of Defendant's stores and was injured. Chelsea broke her elbow, suffered a head injury, and suffered back and neck pain. Over approximately sixteen months, Chelsea received medical treatment. Plaintiffs seek compensation for medical expenses, pain and suffering over that sixteen month period, and, apparently, punitive damages. Plaintiff Carlotta Tellez-Giron also seeks lost income.

In a demand letter dated December 6, 2016, Plaintiffs requested $99,000. Plaintiffs detailed, in three single spaced pages, Chelsea's medical treatment and pain and suffering. Plaintiffs detailed medical expenses totaling approximately $14,000. Plaintiffs alleged Chelsea Herreid suffered a head injury, concussion, possible fracture of her left elbow, knee pain, back pain, and neck pain. The letter indicates she experienced pain and suffering. Chelsea's symptoms, however, were not necessarily resolved over those sixteen months, and she was advised to seek physical therapy. Plaintiff Carlotta Tellez-Giron estimated her lost income amounted to $4,000. Plaintiffs concluded: "[i]f this case proceeds to trial, I will ask the jury to return a verdict in an amount in excess of what my client is asking now to settle their claim." **Doc. 1-4, p. 6.**

Plaintiffs filed their state court complaint on October 4, 2017, alleging negligence, negligence per se, prima facie tort (an intentional tort), negligent supervision and training, and punitive damages. Plaintiffs also alleged that punitive damages are warranted, because Defendant acted recklessly and wantonly. They requested compensatory damages for medical expenses and pain and suffering, and punitive damages, "all in an amount not presently determinable." Plaintiffs alleged that Chelsea suffered serious, severe and permanent injuries, which has impaired her ability to function normally. In addition to the damages previously mentioned, she requested future medical expenses.

Defendant removed this case on October 27, 2017. Defendant attached to its Notice of Removal Plaintiffs' state court complaint and initial demand letter. After removal, Plaintiffs offered to settle this case for $70,000, and stipulated that damages are under $75,000. Plaintiffs filed this Motion on November 21, 2017, asserting that the Court lacks diversity jurisdiction

because the amount in controversy requirement has not been met. Following briefing on the Motion for Leave to File Surresponse, this Motion is now ready to be decided.

## DISCUSSION

Plaintiffs removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446. Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The sole issue is whether the amount in controversy exceeds $75,000.

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, 979 F. Supp. at 1342.

### I. Amount in Controversy is More than $75,000.

Where the complaint does not assert an amount due, the Defendant, as the party asserting federal jurisdiction must prove by a preponderance of the evidence jurisdictional facts that the amount in controversy *may* exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008) ("defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play") (citation omitted) (emphasis in original). This burden arises only when plaintiff argues the amount in controversy is insufficient to support diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owen*, 135 S.Ct. 547, 554 (2014). The amount in controversy "is an estimate of the amount that will be put at issue in the

course of the litigation." *McPhail*, 529 F.3d at 955. Once the defendant puts forth jurisdictional facts that makes it possible that the amount in controversy exceeds $75,000, the case stays in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954 (internal quotation marks omitted), *quoted in Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618, 620–21 (10th Cir. 2014).

> Defendant may prove these jurisdictional facts by pointing to:
>
> contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008), quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Defendant may also look to the "substance and nature of the injuries and damages described in the pleadings" and a "plaintiff's refusal to stipulate or admit that he or she is not seeking the damages in excess of the requisite amount." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (Kelly, J.). Here, Plaintiffs argue that the amount in controversy is less than $75,000. Defendant therefore bears the burden of proving by a preponderance of the evidence jurisdictional facts that the amount at issue may involve more than $75,000.

Defendant attached Plaintiffs' complaint and demand letter to its removal petition. Even if a complaint does not specify the amount of damages, "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail*, 529 F.3d at 955. Here, the complaint alleges negligence, negligence per se, prima facie tort, and negligent supervision or training. Plaintiff also sought medical expenses in the amount of $14,000, pain and suffering, lost income of $4,000, and punitive damages. Defendant argues that pain and suffering may reasonably equal one to two

times medical expenses.  **Doc. 7**.  It appears that damages for medical expenses, pain and suffering and lost income in issue *may* amount to more than $46,000.

Moreover, "[p]unitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).  However, a defendant's mere assertion that punitive damages may be possible is insufficient.  *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012), *citing McPhail*, 529 F.3d at 954.  "A defendant seeking to remove because of a claim for punitive damages must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that punitive damages are in play."  *Id.* (internal quotation omitted).  "The defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is possible."  *Id.*  The defendant need not prove that recovery of punitive damages is more likely than not, but that  "(1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed $75,000." *Id.  See also Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir. 2011) ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.").

In New Mexico, punitive damages are generally not available for negligence claims, but may be appropriate where a defendant has the requisite culpable mental state, which includes willfulness or recklessness.  NMRA, Civ. UJI 13-1827; *Paiz v. State Farm Fire & Casualty Co.,* 880 P.2d 300, 308 (N.M. 1994) (defining recklessness as when the defendant *knows* of potential harm to the interests of the plaintiff but nonetheless "utterly fail[s] to exercise care to avoid the harm."); *see also Burrell v. Burrell*, 229 F.3d 1162, 2000 WL 1113702 (10th Cir. 2000).  The

5

complaint alleges punitive damages on the basis that Defendant or its employees were reckless, willful, or knowing in their disregard for the safety of others. The complaint also asserts that Defendant was reckless in its supervision or training of employees. These allegations were repeated in the demand letter, in which Plaintiffs alleged "[y]our insured's actions were willful, wanton, and in complete disregard to the safety of others." Finally, Plaintiff pled prima facie tort, an intentional tort. The Court concludes that Defendant established facts that show it possible that punitive damages are at issue, and that state law permits punitive damages in this context. *Frederick*, 683 F.3d at 1248; *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731 (11th Cir. 2014); *see also Burrell v. Burrell*, 229 F.3d 1162, 2000 WL 1113702 (10th Cir. 2000) ("We find no need to conduct a mini-trial to approximate the value of a punitive damage award. Burrell has not only pled elements of fraud and deceit, but he has alleged the appellees' conduct was fraudulent to substantiate his claim of punitive damages.").

Moreover, "a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail*, 529 F.3d at 956 (internal quotation omitted), *citing Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "The amount in controversy is not proof of the amount the plaintiff will recover… it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 956. Here, Plaintiffs offered to settle for $99,000 in their initial demand letter, and stated that they would pursue more if the case went to trial. Plaintiffs argue that this amount in their demand letter was merely "posturing" and "arbitrary." The Court disagrees. As explained above, when considering both punitive damages and compensatory damages, this appears to be a reasonable estimate of what will be put at issue in the course of litigation. The Court notes that

Plaintiffs' subsequent, post-removal settlement offer of $70,000 was merely a transparent attempt to avoid federal jurisdiction.

When considering both the compensatory and punitive damages here, the total award could exceed $75,000.[1] *See Meridian Sec Ins. Co. v. Sadowski*, 441 V.3d 536, 544 (7th Cir. 2006) ("uncertainty about whether plaintiff can prove its substantive claim, and whether damages will exceed the threshold, does not justify dismissal"); *Burrell v. Burrell*, 229 F.3d 1162, 2000 WL 1113702 (10th Cir. 2000). Based on the above, the Court cannot conclude that it is legally certain that less than $75,000 is at stake.

Plaintiffs do not argue that punitive damages are legally impermissible here. Rather, Plaintiffs argue that their pleading of punitive damages has no factual support, and was only asserted as a placeholder. The Court need not determine whether it is likely that Plaintiffs would recover punitive damages. *McPhail*, 529 F.3d at 955 ("uncertainty about whether the plaintiff can prove its substantive claim, and whether damages … will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery … or cost of complying with the judgment … will be less than the jurisdictional floor may the case be dismissed."), *quoting Meridian*, 441 F.3d at 543. Rather, the Court must merely determine whether Defendant has asserted jurisdictional facts that make it possible that punitive damages are in play. *See Back Doctors*, 637 F.3d at 830 (explaining that "the question ... is not whether the class is more likely than not to recover punitive damages, but whether [state] law disallows such a recovery"), *cited in Frederick*, 683 F.3d at 1248. The Court concludes that Defendant has done so.

---

[1] The parties have not pointed to any specific limit on punitive damages in this context. Defendant suggested that a total award of three times the compensatory damages is possible.

## II. Post-Removal Stipulation Does Not Divest Court of Jurisdiction.

Plaintiffs argue that their post-removal stipulation that damages are under $75,000 makes it legally certain that damages are less than the jurisdictional amount. Plaintiffs made this stipulation in an email on November 30, 2017. **Doc. 14-2.** "Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). While a stipulation made prior to removal may be effective, any stipulation made after the case has been removed does not divest the Court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (stipulation must be made at the time suit is filed since jurisdiction is determined then); *Matter of Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992) (plaintiff wishing to avoid federal jurisdiction must file stipulation in complaint that amount is less than jurisdictional amount); *Rael v. GEICO Gen. Ins. Co.*, 2017 WL 3051953, at *4 (D.N.M. 2017) (Yarbrough, J.) (concluding that Plaintiff's post-removal stipulation that she would not seek more than $75,000 came too late). Because the stipulation was made post-removal, the Court concludes that it cannot be used as a reason to strip the Court of diversity jurisdiction.

## III. Defendant's Motion to File Surresponse.

Defendant requests leave to file a surresponse. Defendant filed a "surresponse", which was subsequently stricken by the Clerk's office because Defendant did not seek leave to file it. D.N.M.L.R.-Civ. 7.4(b) provides that "[t]he filing of a surreply requires leave of the Court." Defendant argues that it did not require permission to file the surresponse, because the local rule only requires permission to file a surreply, not a surresponse. Defendant is apparently correct that what they filed was a surresponse and not a surreply. *See* Black's Law Dictionary (2014).

Nevertheless, both local rules and local custom authorize only three pleadings to be filed: the motion, the response, and the reply. *See* D.N.M.L.R.-Civ. 7.4. Courts typically grant a motion to file a surresponse where the reply presents new arguments or new evidence. *See Walker v. THI of New Mexico at Hobbs Ctr.*, 2011 WL 2728344, at *1 (D.N.M. 2011); *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990); *Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.*, 2012 WL 1132527, at *15 (D.N.M. 2012). In a detailed and well-written reply brief, Plaintiffs raised new arguments and attached new evidence. The Court concludes it is appropriate to allow Defendant to respond.

### IV. Attorney Fees Are Not Warranted

Plaintiffs request they be awarded attorney fees. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Attorney fees are not warranted, as the Court denied Plaintiffs' motion to remand. Defendant also had an objectively reasonable basis for removal, based on Plaintiffs' initial demand letter.

### CONCLUSION

In sum, the Court concludes that the amount in controversy is over $75,000, and this Court has diversity jurisdiction. Therefore, the Court denies Plaintiff's Motion.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Remand to State Court (**Doc. 9**) is hereby DENIED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney fees is hereby DENIED for reasons described in this Memorandum Opinion and Order; and

**IT IS FINALLY ORDERED** that Defendant's Motion to File Surresponse is granted. The Court has already considered the Surresponse attached as an exhibit in connection with this Motion, and Defendant need not file it again.

_____
UNITED STATES DISTRICT JUDGE